UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:18-CR-234 |
| Plaintiff, | |
| v. | Hon. PAUL L. MALONEY<br>U.S. District Judge |
| DALE DUWAYNE OTIS, JR., | |
| Defendant. _____/ | |

## PLEA AGREEMENT

This constitutes the plea agreement between Dale Duwayne Otis, Jr. (Defendant) and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to Count 1 of the Superseding Indictment. Count 1 charges Defendant with production of child pornography in violation of Title 18, United States Code, Section 2251(a) and (e).

2. <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 2251(a) and (e), the following must be true: (1) Defendant employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and (2) the visual depiction was produced using materials that were mailed,

shipped, or transported in or affecting interstate or foreign commerce. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalty.</u> The sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(a) and (e), is the following:

    a. Maximum Incarceration: 30 years

    b. Minimum Incarceration: 15 years

    c. Maximum Supervised Release: Life

    d. Minimum Supervised Release: 5 years

    e. Maximum Fine: $250,000

    f. Special Assessments: $100 + $5,000

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. <u>Supervised Release Defined.</u> Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5. <u>Factual Basis of Guilt.</u> Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: on April 19, 2018, Defendant used his Samsung cellular phone to take photographs of the genitals of a three-year-old girl. Defendant's Samsung cellular phone was made in China. Defendant took those photographs at his home, which was located in Branch County, Michigan.

6. <u>Defendant Agrees.</u>

    a. <u>Cooperation in Criminal Investigations.</u> Defendant agrees to fully cooperate with the Federal Bureau of Investigation, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including, but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward

with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

      b.    <u>Asset Forfeiture and Financial Accountability.</u> Defendant agrees to disclose to law enforcement officials the whereabouts of, Defendant's ownership interest in, and all other information known to Defendant about, all monies, property or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, Defendant's illegal activities. Defendant further agrees to forfeit all rights, title, and interest in and to such items. Defendant specifically agrees to forfeit all rights, title and interest in his Samsung cell phone, Model No. SM-J327P, Serial No. 35696408852264, seized by law enforcement officials on July 20, 2018, which Defendant admits was used to facilitate Defendant's criminal activity in violation of 18 U.S.C. § 2251(a) and (e).

      c.    <u>FOIA Requests.</u> Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of

this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

        d.    <u>Sex Offender Registration.</u>    Defendant acknowledges and agrees Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

        e.    <u>Medical Tests</u>. Defendant agrees to be tested for sexually transmittable diseases and the etiologic agent for acquired immune deficiency syndrome. Defendant further agrees that if the initial test for the etiologic agent for immune deficiency syndrome is negative, Defendant will be re-tested six (6) months and again twelve (12) months following the initial test. 42 U.S.C. § 14011.

    7.    <u>The United States Attorney's Office Agrees</u>.

        a.    <u>Dismissal of Other Counts/Charges.</u>    The U.S. Attorney's Office agrees to move to dismiss the remaining count of the Superseding Indictment against Defendant and move to dismiss the underlying Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement

Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

    b.    <u>Acceptance of Responsibility.</u>    The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

    c.    <u>§ 1B1.8 Protection for Proffered / Cooperative Statements.</u>    The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer(s), and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines §1B1.8, and according to the terms of the written agreement entered into between the parties associated with the proffer(s). It is expressly understood, however, that such

information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

      d.    <u>Non-Prosecution Agreement.</u>    The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of his involvement in the underlying offense or narcotics-related offenses, provided that the conduct is disclosed to the Government by Defendant or his attorney prior to the date of this agreement. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include crimes of violence, if any, or criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

      e.    <u>Possibility of Sentence Reduction Motions.</u>    The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant fully understands that such a motion may be made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement

authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the government, would decide how much of a departure or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance. Defendant understands that any departure or sentence reduction will be limited by the statutory mandatory minimum unless the Government files a written motion to release the mandatory minimum. Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

8. <u>Pending State Charges</u>. The U.S. Attorney's Office has corresponded with the Branch County Prosecutor's Office. It is the understanding of the U.S. Attorney's Office that the Branch County Prosecutor's Office agrees to dismiss its pending case No. 18-072310-FH — related to the possession of methamphetamine — upon entry of a successful guilty plea in this case.

9. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (Guidelines) are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant.

Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

11. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. <u>Waiver of Other Rights.</u>

a. <u>Waiver.</u> In exchange for the promises made by the government in entering this plea agreement, specifically the government's agreement to dismiss the remaining counts against Defendant and consider filing a motion for reduction of sentence pursuant to Sentencing Guidelines §5K1.1, Defendant waives all rights to appeal

or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

        b.    <u>Exceptions</u>. Defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

        i.    Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

        ii.    the district court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

        iii.    Defendant's sentence is above the Sentencing Guidelines range as determined by the court at sentencing and is unreasonable;

        iv.    Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

        v.    the guilty plea was involuntary or unknowing; and

        vi.    an attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

    13.    <u>The Court is not a Party to this Agreement</u>.    Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute,

Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one — not the prosecutor, Defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

14.  **This Agreement is Limited to the Parties.**   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

15.  **Consequences of Breach.** If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that

such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

16. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

U.S. v. DALE DUWAYNE OTIS, JR.
Plea Agreement Signature Page
1:18-CR-234

ANDREW BYERLY BIRGE
United States Attorney

10/1/19
Date

DAVIN M. REUST
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

10/1/19
Date

DALE DUWAYNE OTIS, JR.
Defendant

I am Dale Duwayne Otis, Jr.'s attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10-1-19
Date

RICHARD E. ZAMBON
Attorney for Defendant

-14-